UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14458-CIV-MARTINEZ/LYNCH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.
_____/



FILED by ___ D.C.
DEC 1 0 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (DE 6)

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motion. Having reviewed the Motion, this Court finds as follows:

1. The Plaintiff knows the Defendant only by his IP address. The Plaintiff's investigator says that he observed the IP address accessing the Plaintiff's digital movies in a way that violates the Plaintiff's copyrights to those movies. The Plaintiff now seeks expedited discovery in the form of a Rule 45 subpoena sent to the internet company associated with the IP address. The Plaintiff wants the third-party internet company to provide it the name and contact information for the IP address.

2. Rule 26(b), Fed.R.Civ.P., provides the authority for seeking this expedited discovery. That rule requires a showing of good cause. In the context of this kind of case, a prima

facie showing of copyright infringement satisfies this good cause standard. A prima facie showing of copyright infringement, in turn, is shown by ownership of a valid copyright. This Court relies on the case law cited in the Plaintiff's Motion for these general rules.

3. The Copyrights-in-Suit subject of the instant lawsuit are listed at Exhibit B of the Complaint. There are 27 movies listed there. The list identifies the movies by name and registration number. The list next gives the date of the movie's first publication and registration. Lastly the list gives the "Most Recent Hit UTC". That refers to the most recent time when the Plaintiff's investigator was able to access the Plaintiff's movie from the Defendant's computer using BitTorrent file-sharing software.

4. This Court observes that for some of the 27 identified Copyright-in-Suit movies, the most recent date of access <u>predates</u> the given copyright registration date. This brings into doubt whether the Defendant's access to these movies did infringe the Plaintiff's copyright protections. This, in turn, defeats the Plaintiff's demonstration of a prima facie case of copyright infringement. Neither the Complaint nor the Motion accounts for or explains this discrepancy. Nor does the Motion demonstrate how the Plaintiff is entitled to the requested discovery for the subject movies.

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Motion for Leave to Serve a Third Party Subpoena is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 10th day of December, 2013.

```
                          _____
                          FRANK J. LYNCH, JR.
                          UNITED STATES MAGISTRATE JUDGE
```

cc:   Hon. Jose E. Martinez
      M. Keith Lipscomb, Esq.