**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>　　　　Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE subscriber assigned IP address )<br>65.34.214.30, )<br>)<br>　　　　Defendant. )<br>_____) | No. 2:13-cv-14458-JEM |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(F) <u>CONFERENCE</u>**

# TABLE OF AUTHORITIES

Accord Brown v. Owens Corning Inv. Review Comm., 622 F.3d 564, 572 (6th Cir. 2010) ......... 5
Aimster Copyright Litig., 334 F.3d 643, 645 (7th Cir. 2003) .......................................................... 6
Arista Records LLC v. Does 1-19, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008) ..................................... 4
Arista Records, LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010) ............................................................ 4
Blakeslee v. Clinton County, 336 Fed.Appx. 248, 250 (3d Cir. 2009) ............................................ 5
BMG Music v. Doe # 4, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) .. 
 ................................................................................................................................................ 4, 6, 8
Columbia Ins. Co. v. Seescandy et al., 185 F.R.D. 573, 578-80 (N.D. Cal. 1999) ........................ 7
Davis v. Kelly, 160 F.3d 917, 921 (2d Cir. 1998) ............................................................................ 5
Dean v. Barber, 951 F.2d 1210, 1215 (11th Cir. 1992) ................................................................... 5
Elektra Entm't Group, Inc. v. Doe, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) .......................................................................................................................... 4, 7
Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 361 (1991) ................................... 5
Green v. Doe, 260 Fed.Appx. 717, 719 (5th Cir. 2007) .................................................................. 5
Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001) ............................................................................ 8
Interscope Records v. Does 1-14, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) .............................. 9
Krueger v. Doe, 162 F.3d 1173 (10th Cir. 1998) ............................................................................ 5
Maclin v. Paulson, 627 F.2d 83, 87 (7th Cir. 1980) ....................................................................... 5
Malibu Media LLC v. John Does 1-12, 12-1342, 2012 WL 5928528 (C.D. Ill. Nov. 26, 2012) ... 7
Malibu Media, LLC v. Doe, 2:13-CV-259-FTM-99, 2013 WL 2154818 (M.D. Fla. May 17, 2013) ........................................................................................................................................... 8
Munz v. Parr, 758 F.2d 1254, 1257 (8th Cir. 1985) ....................................................................... 5
ony Music Entm't v. Does 1-40, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) ............................ 4
Patrick Collins, Inc. v. John Does 1-28, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013) 6
Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011) .................................................. 5
Raw Films, Ltd. v. John Does 1-15, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) ........................................................................................................................................... 6
Sony Music Entm't v. Does 1-40, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004) ................................ 6
Sony, 326 F.Supp. at 566 ................................................................................................................. 8
Warner Bros. Records, Inc. v. Doe, No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec 4, 2008) ................................................................................................................................ 4
Young v. Transp. Deputy Sheriff I, 340 Fed.Appx. 368 (9th Cir. 2009) ........................................ 5

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S SECOND MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE

Pursuant to Fed. R. Civ. P. 26(d)(1), Plaintiff hereby respectfully submits this Memorandum in support of its Motion for Leave to serve a third party subpoena prior to a rule 26(f) conference.

## I. INTRODUCTION

Plaintiff, Malibu Media, (d/b/a "X-art.com") operates a popular subscription based website.[1] Plaintiff creates its own content which is being infringed on a massive scale. The John Doe Defendant's IP address has been habitually used to infringe Plaintiff's copyrighted works. Accordingly, Plaintiff seeks leave to serve limited, immediate discovery on the John Doe Defendant's Internet Service Provider, Comcast Cable (hereafter "ISP") so that Plaintiff may learn Defendant's true identity. Plaintiff is suing Defendant for using the Internet, specifically the BitTorrent file distribution network, to commit direct copyright infringement.

Since Defendant used the Internet to commit this infringement, Plaintiff only knows Defendant by his Internet Protocol ("IP") address. Defendant's IP address was assigned to the Defendant by his respective Internet Service Provider ("ISP"). Accordingly, the ISP can use the IP address to identify the Defendant.[2] Indeed, ISPs maintain internal logs, which record the date, time and customer identity for each IP address assignment made by that ISP. Significantly, ISPs may maintain these logs for only a short period of time.[3]

---

[1] *See* Declaration of Colette Field (Exhibit A)
[2] *See* Declaration of Patrick Paige (Exhibit B)
[3] Statement Of Jason Weinstein Deputy Assistant Attorney General Criminal Division Before The Committee On Judiciary Subcommittee On Crime, Terrorism, And Homeland Security United States House Of Representatives**,** (January 2011) at http://judiciary.house.gov/hearings/pdf/Weinstein 01252011.pdf (Exhibit C) stating: "Some [ISP] records are kept for weeks or months; others are stored very briefly before being purged."

Plaintiff seeks leave of Court to serve a Rule 45 subpoena on the Defendant's ISP. This subpoena will demand the true name, address, telephone number, and e-mail address of the Defendant. Plaintiff will only use this information to prosecute the claims made in its Complaint. Without this information, Plaintiff cannot serve the Defendant nor pursue this lawsuit to protect its valuable copyrights.

## II.     PROCEDURAL HISTORY

Plaintiff's first Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference was filed on December 9, 2013. (CM/ECF 6). The Motion was denied on December 11, 2013. (CM/ECF 9). The Court's Order denying Plaintiff's Motion stated that "for some of the 27 identified Copyright-in-Suit movies, the most recent date of access predates the given copyright registration date," and that therefore it "brings into doubt whether the Defendant's access to these movies did infringe . . . [and] defeats the Plaintiff's demonstration of a prima facie case of copyright infringement." CM/ECF 9, at ¶ 4.

## III.    PLAINTIFF'S COMPLAINT STATES A *PRIMA FACE* CLAIM FOR RELIEF UNDER THE COPYRIGHT ACT

The only statutory prerequisite for a copyright holder to file a copyright infringement lawsuit is federal registration of the work(s). *See* 17 U.S.C. § 411(a). Once registration is achieved, to state a prima facie claim for infringement, a plaintiff must show: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Here, all of Plaintiff's works are federally registered and Plaintiff's Complaint states a *prima facie* claim for relief. Exhibit B to the Complaint, CM/ECF 1-3, lists the Copyrights-in-Suit and the federal Registration Numbers, Dates of First Publication, Registration Dates, and Most Recent Hit dates

for each of the copyrights. Because Plaintiff has valid registrations for each of its works, as evidenced by Exhibit B, it is entitled to sue for infringement. That Defendant infringed nine of the twenty-seven works prior to the date that they were registered does not invalidate Plaintiff's copyrights nor bar Plaintiff from suing for the infringement of those works. Instead, this fact is *only* relevant to Plaintiff's ability to recover an award of statutory damages and attorneys' fees under the Copyright Act. And, as explained below, Plaintiff's ability to recover statutory damages and attorneys' fees in this case is unaffected.

17 U.S.C. § 411(a) states that "no civil action for infringement of the copyright in any United States work shall be instituted until . . . registration of the copyright claim has been made in accordance with this title." *Id.* Further, "[a]nyone who violates any of the exclusive rights of the copyright owner as provided by section[] 106 . . . is an infringer of the copyright." 17 U.S.C. § 501(a). Here, Plaintiff's registrations were made in accordance with the Copyright Act and each of Plaintiff's works was issued a federal registration number. Further, Plaintiff alleged that Defendant is an infringer because of his violations of Plaintiff's exclusive rights under Section 106 of the Copyright Act which occurred through his use of the BitTorrent protocol. *See* Complaint, CM/ECF 1, at ¶ 35(A)-(D). In light of the foregoing, Plaintiff is entitled to institute this action for infringement of its works and should be granted leave to subpoena Defendant's ISP to uncover his identity.

That some works were infringed prior to the date of their registration is only relevant to Plaintiff's ability to recover statutory damages and attorneys' fees under the Copyright Act. In this case, however, Plaintiff's ability to recover statutory damages and attorneys' fees is unaffected because each of the subject works was registered within three months of publication. Section 412 of the Copyright Act, entitled "Registration as a Prerequisite to Certain Remedies

5

for Infringement," states, in relevant part, "no award of statutory damages or of attorney's fees . . . . shall be made for . . . any infringement of copyright commenced *after* first publication of the work and *before* the effective date of its registration, <u>unless</u> such registration is made within three months after the first publication of the work."  17 U.S.C. § 412.  (Emphasis added). "Section 412(2) provides a three-month grace period within which to register the work from the date of first publication and still collect statutory damages and attorney's fees." *6 Patry on Copyright § 22:202*.  "[F]ull remedies could be recovered for any infringement begun during the three months after publication if registration is made before that period has ended. This exception is needed to take care of newsworthy or suddenly popular works which may be infringed almost as soon as they are published, before the copyright owner has had a reasonable opportunity to register his claim."  *Singh v. Famous Overseas, Inc.*, 680 F. Supp. 533, 536 (E.D.N.Y. 1988).

Here, Plaintiff is entitled to recover statutory damages and attorneys' fees for <u>all</u> infringements in this case because <u>all</u> of the works which were infringed prior to registration, were registered within three months of first publication.  Thus, all of the works fall within the statutory three month grace period.

| Title | Registration Number | Date of First Publication | Registration Date | Most Recent Hit UTC |
|---|---|---|---|---|
| All Tied Up | PA0001866077 | 10/19/2013 | 10/21/2013 | 10/19/2013 |
| Bad Girls | PA0001847661 | 06/07/2013 | 06/17/2013 | 06/08/2013 |
| Blindfold Me Part #2 | PA0001867890 | 11/03/2013 | 11/06/2013 | 11/04/2013 |
| Circles of Bliss | PA0001833297 | 03/20/2013 | 04/01/2013 | 03/20/2013 |
| Party Boat | PA0001862485 | 09/15/2013 | 09/18/2013 | 09/15/2013 |
| Pool Party For Three | PA0001859656 | 07/13/2013 | 08/01/2013 | 07/24/2013 |
| This Really Happened | PA0001860970 | 08/03/2013 | 09/01/2013 | 08/03/2013 |
| Unveiling Part #2 | PA0001866188 | 10/15/2013 | 10/19/2013 | 10/16/2013 |
| Want You | PA0001822650 | 01/15/2013 | 01/27/2013 | 01/16/2013 |

## IV. ARGUMENT

Pursuant to Rule 26(d)(1), except for circumstances not applicable here, absent a court order, a party may not propound discovery in advance of a Rule 26(f) conference. Rule 26(b) provides courts with the authority to issue such an order: "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." In Internet infringement cases, courts routinely find good cause exists to issue a Rule 45 subpoena to discover a Doe defendant's identity, prior to a Rule 26(f) conference, where: (1) plaintiff makes a prima facie showing of a claim of copyright infringement, (2) plaintiff submits a specific discovery request, (3) there is an absence of alternative means to obtain the subpoenaed information, (4) there is a central need for the subpoenaed information, and (5) defendants have a minimal expectation of privacy. *See Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) (citing *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 564-65 (S.D.N.Y. 2004) (numbers added)); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (same); *Warner Bros. Records, Inc. v. Doe*, No. 5:08-CV-116-FL, 2008 WL 5111883, at *4 (E.D.N.C. Dec 4, 2008) (same); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (same). *See also*, *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6-7 (D.D.C. 2008), and the cases cited therein, noting the "overwhelming" number of cases where copyright infringement plaintiffs sought to identify "Doe" defendants and courts "routinely applied" the good cause standard to permit discovery. Here, Plaintiff easily satisfies all of these requirements. Accordingly, this Court should grant the Motion.

    **A.**    **Circuit Courts Unanimously Permit Discovery to Identify John Doe Defendants**

Federal Circuit Courts have unanimously approved the procedure of suing John Doe defendants and then using discovery to identify such defendants.

For example, the Second Circuit stated in *Davis v. Kelly*, 160 F.3d 917, 921 (2d Cir. 1998) that "courts have rejected the dismissal of suits against unnamed defendants . . . identified only as 'John Doe's . . . until the plaintiff has had some opportunity for discovery to learn the identities." *See also*, *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011) ("A plaintiff who is unaware of the identity of the person who wronged her can . . . proceed against a 'John Doe' . . . when discovery is likely to reveal the identity of the correct defendant."). *Accord Brown v. Owens Corning Inv. Review Comm.*, 622 F.3d 564, 572 (6th Cir. 2010); *Blakeslee v. Clinton County*, 336 Fed.Appx. 248, 250 (3d Cir. 2009); *Young v. Transp. Deputy Sheriff I*, 340 Fed.Appx. 368 (9th Cir. 2009); *Green v. Doe*, 260 Fed.Appx. 717, 719 (5th Cir. 2007); *Krueger v. Doe*, 162 F.3d 1173 (10th Cir. 1998); *Dean v. Barber*, 951 F.2d 1210, 1215 (11th Cir. 1992); *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985); *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980).

    **B.**    **Good Cause Exists to Grant the Motion**

        **1.**    **Plaintiff Has a Prima Facie Claim for Copyright Infringement**

A prima facie claim of copyright infringement consists of two elements: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). Plaintiff satisfied the first good cause factor by properly pleading a cause of action for copyright infringement:

> 29.    Plaintiff is the owner of the Copyrights-in-Suit, as outlined in Exhibit B, each of which covers an original work of authorship.
>
> 30.    By using BitTorrent, Defendant copied and distributed the constituent

        elements of each of the original works covered by the Copyrights-in-Suit.

   31.    Plaintiff did not authorize, permit or consent to Defendant's distribution of its works.

Complaint at ¶¶ 32-34.  *See* 17 U.S.C. §106; *In re Aimster Copyright Litig.*, 334 F.3d 643, 645 (7th Cir. 2003), *cert. denied*, 124 S. Ct. 1069 (2004) ("Teenagers and young adults who have access to the Internet like to swap computer files containing popular music. If the music is copyrighted, such swapping, which involves making and transmitting a digital copy of the music, infringes copyright."); *Raw Films, Ltd. v. John Does 1-15*, CIV.A. 11-7248, 2012 WL 1019067 (E.D. Pa. Mar. 26, 2012) ("the complaint makes a prima facie claim of copyright infringement, which requires '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'"); *Patrick Collins, Inc. v. John Does 1-28*, 12-13670, 2013 WL 359759 (E.D. Mich. Jan. 29, 2013) (same).  Further, Plaintiff's allegations of infringement are attested to by Plaintiff's investigator, IPP International UG's employee, Tobias Fieser.  *See* Declaration of Tobias Fieser in Support of Plaintiff's Motion For Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Fieser Declaration") at ¶¶ 13 - 16, Exhibit D.  Accordingly, Plaintiff has exceeded its obligation to plead a prima facie case.

      **2.**    **Plaintiff Has Clearly Identified Specific Information It Seeks Through Discovery**

Plaintiff seeks to discover from the Defendant's ISP the true name, address, telephone number and e-mail address of the Defendant.  This is all specific information that is in the possession of the Defendant's ISP that will enable Plaintiff to serve process on Defendant.  Since the requested discovery is limited and specific, Plaintiff has satisfied the second good cause factor. *Sony Music Entm't v. Does 1-40*, 326 F.Supp.2d 556, 566 (S.D.N.Y. 2004); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that "the discovery request is sufficiently specific to establish a

reasonable likelihood that the identity of Doe # 4 can be ascertained so that he or she can be properly served").

### 3. No Alternative Means Exist to Obtain Defendant's True Identities

Other than receiving the information from the Defendant's ISP, there is no way to obtain Defendant's true identity because "records are the only available evidence that allows us to investigate who committed crimes on the Internet. They may be the only way to learn, for example, that a certain Internet address was used by a particular human being to engage in or facilitate a criminal offense." *See* Statement Of Jason Weinstein (Exhibit C). Indeed, "[o]nce provided with the IP Address, plus the date and time of the detected and documented activity, ISPs can use their subscriber logs to identify the name, address, email address and phone number of the applicable subscriber in control of that IP address at the stipulated date and time." *See* Declaration of Patrick Paige at ¶ 11 (Exhibit B). Since there is no other way for Plaintiff to obtain Defendant's identity, except by serving a subpoena on Defendant's ISP demanding it, Plaintiff has established the third good cause factor. *See Columbia Ins. Co. v. Seescandy et al.*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *Elektra Entm't Group, Inc. v. Doe*, No. 5:08-CV-115-FL, 2008 WL 5111886, at *4 (E.D.N.C. Dec. 4, 2008) (finding that the feasibility of a suggested alternative method of determining defendants' identities by hiring a private investigator to observe downloading "is questionable at best"); *Malibu Media LLC v. John Does 1-12,* 12-1342, 2012 WL 5928528 (C.D. Ill. Nov. 26, 2012) ("Because of the very nature of internet infringement, it is often the case that a plaintiff cannot identify an infringer in any way other than by IP number. Given the substantial federal policy underlying copyright law, it would be a travesty to let technology overtake the legal protection of that policy").

      **4.**      **Plaintiff Needs the Subpoenaed Information to Advance the Asserted Claims**

Obviously, without learning the Defendant's true identity, Plaintiff will not be able to serve the Defendant with process and proceed with this case. Plaintiff's important statutorily protected property rights are at issue in this suit and, therefore, the equities should weigh heavily in favor of preserving Plaintiff's rights. Since identifying the Defendant by name is necessary for Plaintiff to advance the asserted claims, Plaintiff has established the fourth good cause factor. *Sony*, 326 F.Supp. at 566; *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that "[p]laintiffs have shown that the subpoenaed information—Doe # 4's identity—is centrally needed to advance Plaintiffs' copyright infringement claim"); *Malibu Media, LLC v. Doe*, 2:13-CV-259-FTM-99, 2013 WL 2154818 (M.D. Fla. May 17, 2013) ("Plaintiff has demonstrated the need for the subpoenaed information in order to advance its claims as there appears no other means of obtaining this information and the information is needed in order to prosecute Plaintiff's viable claim for copyright infringement.")

      **5.**      **Plaintiff's Interest in Knowing Defendant's True Identities Outweighs Defendant's Interests in Remaining Anonymous**

Plaintiff has a strong legitimate interest in protecting its copyrights. Defendant is a copyright infringer with no legitimate expectation of privacy in the subscriber information he provided to his ISP, much less in distributing the copyrighted work in question without permission. *See Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("computer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person—the system operator"); *BMG Music v. Doe # 4*, No. 1:08-CV-135, 2009 WL 2244108, at *3 (M.D.N.C. July 24, 2009) (finding under nearly identical circumstances that

"[p]laintiffs have shown that Defendant Doe # 4 has a minimal expectation of privacy in downloading and distributing copyrighted songs without permission"); *Interscope Records v. Does 1-14*, 558 F.Supp.2d 1176, 1178 (D. Kan. 2008) (a person using the Internet to distribute or download copyrighted music without authorization is not entitled to have their identity protected from disclosure under the First Amendment); *Sony*, 326 F.Supp.2d at 566 ("defendants have little expectation of privacy in downloading and distributing copyrighted songs without permission"). Since Defendant does not have a legitimate interest in remaining anonymous, and since Plaintiff has a strong, statutorily recognized and protected interest in protecting its copyrights, Plaintiff has established the fifth good cause factor.

## V. CONCLUSION

For the foregoing reasons, this Court should grant leave to Plaintiff to issue a Rule 45 subpoena to the ISP.

                                               Respectfully submitted,

                                               By: /s/ *M. Keith Lipscomb*
                                               M. Keith Lipscomb (429554)
                                               klipscomb@lebfirm.com
                                               LIPSCOMB EISENBERG & BAKER, PL
                                               2 South Biscayne Blvd.
                                               Penthouse 3800
                                               Miami, FL 33131
                                               Telephone: (786) 431-2228
                                               Facsimile:  (786) 431-2229
                                               *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 27, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                                                      By: /s/ *M. Keith Lipscomb*