UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14458-CIV-MARTINEZ/LYNCH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.
_____/

FILED by ___ D.C.
FEB - 3 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### ORDER ON PLAINTIFF'S SECOND MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (DE 12)

**THIS CAUSE** comes before this Court upon an Order of Reference and the above Motion. Having reviewed the Motion, this Court finds as follows:

1.  The Plaintiff knows the Defendant only by his IP address. The Plaintiff's investigator says that he observed the IP address accessing the Plaintiff's digital movies in a way that violates the Plaintiff's copyrights to those movies. The Plaintiff now seeks expedited discovery in the form of a Rule 45 subpoena to the internet company associated with the IP address. The Plaintiff wants the third-party internet company to provide it the name and contact information for the IP address.

2.  Rule 26(b), Fed.R.Civ.P., provides the authority for seeking this expedited discovery. That rule requires a showing of good cause. In the context of this kind of case, a prima

facie showing of copyright infringement satisfies this good cause standard. A prima facie showing of copyright infringement, in turn, is shown by ownership of a valid copyright. This Court relies on the case law cited in the Plaintiff's Motion for these general rules. This Court adds that the prima facie case must be shown concretely and that the Plaintiff must demonstrate how its need for disclosure outweighs countervailing First Amendment interests. See K-Beech, Inc. v. Doe, 2012 WL 262722, *2 (E.D.Penn. 2012). Moreover these issues arise in the ex parte context.

3. The Copyrights-in-Suit subject of the instant lawsuit are listed at Exhibit B of the Complaint. There are 27 movies listed there. The list identifies the movies by name and registration number. The list next gives the date of the movie's first publication and registration. Lastly the list gives the "Most Recent Hit UTC". That refers to the most recent time when the Plaintiff's investigator was able to access the Plaintiff's movie from the Defendant's computer using BitTorrent file-sharing software.

4. This Court observes that for some of the 27 identified Copyright-in-Suit movies, the most recent date of access predates the given copyright registration date. This had brought into doubt whether the Defendant's access to these movies did infringe the Plaintiff's copyright protections and thus whether

it defeated the Plaintiff's demonstration of a prima facie case of copyright infringement. This Court denied the Plaintiff's first filed motion for this reason. The Plaintiff now re-files its Motion explaining that the governing law allows it to seek redress for infringement that occurs three months before copyright registration. See 17 U.S.C. § 412(2). See also, Malibu Media, LLC v. Does 1—49, 2013 WL 4501443 (N.D.Ill. 2013).

5.  While the citation to 17 U.S.C. § 412(2) shows how in general a copyright holder can seek redress for a pre-registration infringement, the Second Motion still leaves unanswered when that registration occurred. This Court again refers to Exhibit B of the underlying Complaint. As noted above, Exhibit B provides the "Registration Number" and "Registration Date" for each of the subject movies. However nowhere does the Plaintiff clearly demonstrate what it means by "registration".

6.  This Court raises this point because there is a split in the case law over what 17 U.S.C. § 412 and its companion statute, 17 U.S.C. § 411(a), contemplate when referring to "registration". One line of case law interprets "registration" to mean the date when the copyright holder applied for the registration. This is referred to as the "application approach". See, e.g., K-Beech, supra, Concordia Partners, LLC v. Pick, 2013 WL 6817627 (D.Me 2013), and Hard Drive Prods. v. Does 1--55, 2011 WL 4889094 (N.D.Ill. 2011) The other line of case law

interprets "registration" to mean the date when the copyright holder obtains final, completed certification of its copyright from the Copyright Office. This is referred to as the "registration approach". See, e.g., Robbins v. Universal Motown, 2012 WL 727741 (S.D.Ga. 2012) and North Jersey Media Group, Inc. v. Sasson, 2013 WL 74237 (D.N.J. 2013). See also, Stefan Mentzer, What You Need to Know . . . , 24 No. 3 Intell. Prop. & Tech. L.J. 3 (2012) (expressing the preference for the "registration approach"). This distinction is material to the instant case because it affects whether the Plaintiff did actually obtain copyright "registration" within three months of the alleged infringement. If the information provided by Exhibit B relates to dates when the Plaintiff applied for registration---and it is reasonably possible that the mere application for registration generates a registration number---then it leaves open the question of when---and whether---the Plaintiff has certifications of registration. If the Plaintiff does not yet have final certifications of registration or if the Plaintiff obtained them later than three months from the date of infringement, then it affects the Plaintiff's ability to seek redress.

7. This Court finds that the "registration approach" governs here. It is, after all, the approach adopted by the Eleventh Circuit. See Kernal Records Oy v. Mosley, 794 F.Supp.2d

1355, 1371, n.13 (S.D.Fla. 2011) (discussing M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486 (11th Cir. 1990)). Thus the Plaintiff must demonstrate when it obtained final, completed certifications of its registrations and thereby demonstrate that it meets the requirements of 17 U.S.C. § 411(a).

8.  This Court notes that at ¶3 of its Complaint, the Plaintiff does plead that it "is the registered owner of the copyrights set forth on Exhibit B (the 'Copyrights-in-Suit')." For instant purposes, however, this Court finds that accepting this averment as true to be insufficient. At issue here is a Rule 26(b) motion for leave to pursue expedited third-party discovery, not a Rule 12 motion to dismiss. The good cause standard for seeking expedited discovery demands a concrete showing and a weighing of competing interests. With doubts over whether the Plaintiff states a prima facie case of infringement lingering, the Plaintiff must demonstrate, not just plead, when it obtained final, completed certifications of its registrations in order to meet the requirements of 17 U.S.C. § 411(a) under the "registration approach".

It is therefore,

**ORDERED AND ADJUDGED** that the Plaintiff's Second Motion for Leave to Serve a Third Party Subpoena is **DENIED**. It is denied without prejudice to re-filing to address the above issue. The Plaintiff shall file its third such motion by **Friday, February**

**28, 2014**. If, however, the Plaintiff's third such motion remains defective and still fails to state good cause for allowing the expedited discovery, then the motion will be denied with prejudice and without leave to re-file it.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 3rd day of February, 2014.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Jose E. Martinez
    M. Keith Lipscomb, Esq.