UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14458-CIV-MARTINEZ/LYNCH

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE,

    Defendant.
_____/

FILED by ____ D.C.
MAR - 3 2014
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - FT. PIERCE

### ORDER ON PLAINTIFF'S THIRD MOTION FOR LEAVE TO SERVE A THIRD PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE (DE 14)

**THIS CAUSE** comes before this Court upon an Order of Reference (DE 7). Having reviewed the Motion, this Court finds as follows:

1. The Plaintiff brings suit against the above John Doe Defendant for copyright infringement. The Plaintiff is the copyright owner of certain movies, the Copyright-in-Suit movies, that it says the Defendant accessed without permission. The Plaintiff attaches the Affidavit of Colette Field to support its claim of copyright ownership over the subject movies. The Plaintiff alleges that the Defendant "copied and distributed" its copyright-protected movies by way of BitTorrent peer-to-peer filesharing.

2. The Plaintiff does not know the Defendant's personal identity. However it does have the internet protocol ("IP")

address for the computer that accessed the Copyright-in-Suit movies. The Plaintiff attaches the affidavit of Tobias Fieser, an employee of the German company, IPP International UG, to support its claim that the IP address at issue in this case did access the Copyright-in-Suit movies.

3. The Plaintiff asserts the accuracy of its methods in determining the geographical location of the infringing conduct. It asserts in its Complaint that it "traced [the infringing conduct] to a physical address located within this District" and that jurisdiction is proper in this Court. This Court observes that Exhibits A and B attached to the Complaint state the physical location of Port St. Lucie, Florida, as the place of the infringing conduct. Therefore, based on these representations, this Court will assume that jurisdiction and venue is proper in this Court.

4. Although the Plaintiff does not know of the Defendant's identity, it contends that the Defendant's Internet Service Provider---Comcast Cable---can match the IP address to the Defendant's identity and contact information. It therefore seeks leave of court to submit a Rule 45 subpoena to Comcast Cable to obtain the Defendant's identifying information.

5. Generally speaking, a party may not engage in discovery before the Rule 26(f) conference. Therefore the Plaintiff seeks leave of court to engage in this discovery

pursuant to Rule 26(d)(1), Fed.R.Civ.P. There is Federal Circuit case law to support the use of Rule 26(d)(1) to name a John Doe defendant and then use expedited discovery to identify that defendant---albeit in contexts different than here. See, e.g., Menard v. CSX Transportation, Inc., 698 F.3d 40, 45 (1st Cir. 2012) and Chidi Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000).

6. A review of District Court case law shows that copyright plaintiffs, such as the Plaintiff, here, generally have been allowed to issue Rule 45 subpoenas to ISP's to obtain identifying information of a John Doe defendant pursuant to Rule 26(d)(1), especially where joinder of multiple defendants is not at issue. Out of this case law a standard has evolved for determining whether the Rule 45 subpoena may issue. This standard requires the Plaintiff to show (1) a prima facie case of infringement, (2) no alternative means for identifying the John Doe Defendant, and (3) a risk that the ISP will destroy its logs before the Rule 26(f) conference. This standard also requires the Plaintiff to satisfy privacy concerns. Thus the Plaintiff must show (4) the specific discovery being sought, (5) a central need for the subpoenaed information to advance the asserted claims, and (6) a need for the requested discovery that outweighs the John Doe's expectation of privacy. See Malibu Media, LLC v. Doe, 2013 WL 2154818 (M.D.Fla. 2013). See

generally, Arista Records, LLC v. Doe 3, 604 F.3d 110, 119 (2nd Cir. 2010). Lastly there are due process concerns. These concerns are relieved by giving the John Doe notice of the proceeding. See Arista Records, LLC v. Does 1—12, 2008 WL 4133874, *2 (E.D.Cal. 2008).

7.  This Court finds that the Plaintiff makes a sufficient proffer to meet these elements. The first element---a prima facie showing of infringement---now has been established in this case in the instant Third Motion. The Plaintiff now demonstrates that it had applied and has obtained final copyright registration certification over the subject movies and that the Defendant infringed those copyrights after it had obtained copyright protection. The Plaintiff now demonstrates that it obtained full copyright protection over all of the subject Copyright-in-Suit movies either before the infringement or within the three month grace period of copyright registration. At Exhibit B to its Complaint, the Plaintiff lists the Copyright-in-Suit movies, their copyright registration information, and the dates of the most recent infringement.

8.  As for the third factor, this Court assumes as true that there is need to proceed on a timely basis. As for the sixth element, this Court acknowledges that the John Doe Defendant has a minimal expectation of privacy. Nevertheless this Court does not find the Defendant's privacy interests to

outweigh the Plaintiff's use of the requested subpoena given the particular privacy and due process accommodations that this Court is imposing. In order to balance the John Doe Defendant's privacy and due process interests, this Court is incorporating accommodations into its Order used in prior cases. See Arista Records, 2008 WL 4133874, supra, and Malibu Media, LLC v. Doe, 2013 WL 2950593 (S.D.Fla. 2013).

9. In short, this Court finds that the Plaintiff has demonstrated good cause for issuing a Rule 45 subpoena to the Defendant's ISP. The Rule 45 subpoena is the Plaintiff's only means for identifying the Defendant and thus moving forward with the case. However this Court emphasizes that the Rule 45 subpoena is limited only to obtaining basic identifying information associated with the subject IP address at issue here. The Plaintiff shall refrain from using the authorized Rule 45 subpoena to seek any information or discovery beyond that purpose.

Based on the foregoing, it is hereby,

**ORDERED AND ADJUDGED** that the Motion is **GRANTED**. It is granted pursuant to the following terms:

A. The Plaintiff is given leave to issue a Rule 45 subpoena to the Defendant's ISP---Comcast Cable---directing the ISP to provide it with the name, address, telephone number, and email address of the person associated with the IP address named

in the instant Complaint. The Plaintiff shall attach a copy of this Complaint, its exhibits, and this Order to the subpoena. The Plaintiff shall submit the subpoena and attachments to the ISP forthwith.

    B.    Pursuant to 47 U.S.C. § 551(c)(2)(B), the ISP in turn shall provide the John Doe Defendant with a copy of the subpoena, Complaint, its exhibits, and this Order. The ISP shall do so by **Friday, March 21, 2014**.

    C.    If either the ISP or the John Doe Defendant object to the subpoena, then either has until **Friday, April 11, 2014** to file a Motion to Quash under Rule 45(c)(3)(A), Fed.R.Civ.P.

    D.    The Plaintiff shall notify the ISP of the status of the case in writing by **Friday, April 18, 2014**.

        i. If no Motion to Quash is filed in this case by close of business, Friday, April 11, 2014, then the Plaintiff shall notify the ISP of such. <u>In this event, the ISP shall comply with the Rule 45 subpoena by</u> **Friday, April 25, 2014.**

        ii. If the Plaintiff notifies the ISP that a Motion to Quash was filed or if the ISP does not hear from the Plaintiff by close of business, Friday, April 18, 2014, <u>then the ISP shall withhold the requested information.</u>

    E.    Upon such time when the Plaintiff does receive the subpoenaed information, the Plaintiff shall use it only for purposes of litigating the instant Complaint. Moreover the Plaintiff shall ensure John Doe Defendant's anonymity and refrain from stating his/her actual name in the public docket.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this ___ day of March, 2014.

```
_____
FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE
```

cc: M. Keith Lipscomb, Esq.